THE NYPANO RAILROAD COMPANY, Respondent, *v.* NATIONAL RESERVE INSURANCE COMPANY OF ILLINOIS and Others, Appellants.

Fourth Department, May 4, 1932.

*Shire & Jellinek* [*Joseph Swart* and *B. Frank Dake* of counsel], for the appellants.

*Marion H. Fisher* [*Rollin A. Fancher* of counsel], for the respondent.

PER CURIAM. The insurance policy covered some old wooden buildings " while occupied for rooming house and public garage purposes." The buildings came into possession of plaintiff railroad company by purchase on May 27, 1929. They were burned September 22, 1929. They were not actually occupied for about one month immediately before the fire. The course of the trial was marked by an unusual number of colloquies and controversial passages between court and counsel and at the close of the evidence and the charge the issues and the permissible inferences were not in a state of clarity for the consideration of the jury. Then the learned trial court declined upon request of defendants' counsel to charge the jury that if they found that the buildings were no longer used by the plaintiff as rooming houses, the jury had a right to take that into consideration in arriving at values and that the jury had a right to take into consideration the intended uses to which the plaintiff company intended to put the premises. Exceptions were taken.

The court also stated in the course of the trial: " I am going to hold as a matter of law you are not entitled to show to what future use the property was going to be put * * * in view of the fact the future use to which the property was to be put is not pertinent in this lawsuit * * *. I am not going to follow you on the intent proposition because it is too remote and too indefinite and I think I have covered that. If the time was near enough so it was a certainty then there would be some point to that proposition."

Under all the circumstances these declinations to charge, coupled with the quoted statements by the court, constituted material error on account of which the interests of justice require a new trial. While continuous actual occupancy is not always essential in cases where occupancy is required by the terms of a fire insurance policy, the situation here presented by the evidence was such that from it the jury might reasonably have found that when the fire occurred the policies were not operative. (*Herrman* v. *Adriatic Fire Ins. Co.*, 85 N. Y. 162; *Williams* v. *Pioneer Co-operative Fire Ins. Co.*, 183 App. Div. 826.) For a jury finding that the buildings were old and somewhat dilapidated, that they were actually unoccupied for a month immediately before the fire and were padlocked when the fire occurred and that plaintiff bought them with the intention of tearing them down and using the land for railroad purposes and

had abandoned the uses specified in the policies would not have been against the weight of the evidence.

The judgment and order appealed from should be reversed upon the law and the facts and a new trial granted, with costs to the appellant to abide the event.

All concur, except THOMPSON and CROSBY, JJ., who dissent and vote for affirmance.

Judgment and order reversed on the law and facts, and a new trial granted, with costs to the appellant to abide the event.